USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/15/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
　:
STACEY MERCER,　:
　:
　Plaintiff,　:　**ORDER**
　:
　-v.-　:　21-CV-603 (GBD) (JLC)
　:
764 DOVER LEIPSIC LLC,　:
*a Delaware limited liability company*,　:
　:
　Defendant.　:
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

On November 10, 2021, Judge Daniels referred plaintiff's motion for a default judgment, filed on April 9, 2021 (Dkt. No. 11), to me for a report and recommendation (Dkt. No. 32). In this case, plaintiff alleges that defendant engaged in unlawful discrimination in violation of, *inter alia*, the Americans with Disabilities Act ("ADA"), and New York state and local human rights laws. In particular, plaintiff alleges that defendant, the owner and/or operator of a hotel located in Dover, Delaware, has failed to bring its online reservation systems into compliance with the ADA and in doing so, has denied plaintiff equal access, as required by law.

The Court has preliminarily reviewed plaintiff's complaint and the default judgment motion and has concerns about whether it has personal jurisdiction over the defendant. It is well-settled that where a plaintiff's filings raise questions as to whether a district court may permissibly exercise personal jurisdiction over a non-appearing defendant, the court may consider *sua sponte* whether the plaintiff has

set forth facts justifying the assertion of personal jurisdiction. *See, e.g., Hood v. Ascent Med. Corp.*, No. 13-CV-0628 (RWS) (DF), 2016 WL 1366920, at *6 (S.D.N.Y. Mar. 3, 2016), *adopted by* 2016 WL 3453656 (S.D.N.Y. June 20, 2016), *aff'd*, 691 F. App'x 8 (2d Cir. 2017). *See generally Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) ("Because personal jurisdiction can be waived by a party, a district court should *not* raise personal jurisdiction *sua sponte* when a defendant has appeared and consented . . . to the jurisdiction of the court. But when a defendant declines to appear, . . . before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant.") (internal citations omitted).

According to the complaint, the defendant is alleged to be the owner or operator of a hotel known as Comfort Suites, located at 1654 N. Dupont Highway, Dover, Delaware 19901 (the "Hotel"). Complaint ¶ 1. The Hotel takes reservations through a particular website, which is allegedly not in compliance with the ADA. *Id.* ¶¶ 1-2. Regarding personal jurisdiction, the complaint pleads as follows:

> This Court has personal jurisdiction over Defendant in this action, pursuant to the New York Long Arm Statute, N.Y. C.P.L.R. §302. Defendant operates an interactive website, which takes information, confirms hotel reservations, and takes payments from users, including users in New York who desire to do so. Defendant has and/or seeks on a continuing basis to take hotel reservations from persons located in this District through its Website.

*Id.* ¶ 4.

In a prior case involving the same plaintiff (and the same plaintiff's counsel) but a different hotel (this one located in Virginia) and alleging the same core set of allegations, Judge Daniels dismissed the case for lack of personal jurisdiction earlier this year. *See Mercer v. Historic Hotels of Richmond, LLC*, No. 20-CV-10425 (Dkt. No. 29 - Order dated May 6, 2021).[1] *See also Camacho v. Vanderbilt Univ.*, No. 18-CV-10694 (KPF), 2019 WL 6528974, at *5 (S.D.N.Y. Dec. 4, 2019) ("Operating a website that may be accessed from New York, without more, does not bring the operator within the jurisdiction of New York courts." (citing *Best Van Lines v. Walker*, 490 F.3d 239, 253 (2d Cir. 2007)); *Pearson Educ., Inc. v. Yi Shi,* 525 F. Supp. 2d 551, 556 (S.D.N.Y. 2007) ("Simply maintaining a web site in a distant state that residents of New York visit does not, by itself, subject a defendant to jurisdiction in New York.") (citing *Bensusan Rest. Corp. v. King,* 126 F.3d 25 (2d Cir. 1997)).  Notably, this was not the first time that plaintiff had a case dismissed in this District against a hotel for lack of personal jurisdiction.  *See Mercer v. Rampart Hotel Ventures, LLC,* No. 19-CV-3551 (PAE) (GWG), 2020 WL 236843, at *5 (S.D.N.Y. Jan. 16, 2020) (finding that hotel's website, which was not alleged to "target or have any special connection to New York," was insufficient to support jurisdiction under New York's long arm statute), *adopted by* 2020 WL 882007 (Feb. 24, 2020).[2]

---

[1] Plaintiff is apparently no stranger to this Court, having filed, by the Court's count, more than 200 cases in this District based on a cursory review of the docket.

[2] In an ADA case against an out-of-state hotel in the same procedural posture as this one – that is, with a pending motion for a default judgment – the Court denied

3

It is not clear why this case should not be dismissed for the same reasons as in *Historic Hotels of Richmond, LLC,* and *Rampart Hotel Ventures, LLC*. Accordingly, before the Court can adjudicate the motion for default judgment, it will require plaintiff to provide answers to the following questions:

1. Does the defendant, a hotel located in Delaware, have sufficient contacts with New York to establish personal jurisdiction?

2. Does transacting business with New York residents (assuming plaintiff is a New York resident, as pled in the complaint) constitute doing business in New York sufficient to establish personal jurisdiction over the defendant, as defendant's hotel services are – by plaintiff's own admission – confined to one discrete place, Dover, Delaware?

3. Is a potential consumer's mere act of navigating defendant's website from New York sufficient to subject defendant to this Court's personal jurisdiction?

Plaintiff is directed to submit a letter-brief responding to these questions (and providing any other information related to personal jurisdiction) **no later than November 22, 2021**, and must submit legal authority in support of her position**.** Alternatively, if plaintiff concludes that the Court does not have personal jurisdiction over the defendant on the current record, she is free to file a notice of

---

the motion for lack of personal jurisdiction (and this case involved the same counsel as the one representing plaintiff in this case).  *See Katz v. Wanderstay Hotels, LLC,* No. 19-CV-3615 (RRM) (LB), 2021 WL 1093169 (E.D.N.Y. Mar. 4, 2021), *adopted by* 2021 WL 1091907 (Mar. 22, 2021).

dismissal without prejudice pursuant to Rule 41(a)(1)(a) of the Federal Rules of Civil Procedure, and must do so by **November 22, 2021.**

    **SO ORDERED.**

Dated: November 15, 2021
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge